### GOODWIN *vs.* GOODWIN.

1. An allegation that since September, 1869, (the bill being filed in November, 1871,) the defendant committed adultery with P. M. G. at a house in Amity street, in the city of New York, sufficiently individuates the offence. The time need not be more specifically alleged.

2. The offence being sufficiently specified, the demurrer being general, overruled.

The cause came up for argument on demurrer to the bill of complaint.

*Mr. W. S. Whitehead,* for demurrer.

*Mr. Collins,* contra.

THE CHANCELLOR.

The bill in this case is for divorce on account of adultery. The demurrer is general, to the whole bill, and the ground of demurrer is that no offence is sufficiently specified so that the defendant can individuate it, or know what occasion is intended so as to prepare her answer or defence.

One of the specifications is, that since the removal of the parties to West Bergen, in September, 1869, the defendant committed adultery with P. M. G., at a house in Amity street, in the city of New York. This is sufficient in all respects, except as to the time; that extends from September, 1869, to November, 1871, the time of filing the bill. The question is, whether a more definite designation of the time is necessary.

In equity there is no rule laid down or adopted as to the manner of alleging the time of the material facts set forth. In the most approved precedents of forms of bills, the allegation is usually sometime in or about the month of ——. The only authority is an expression of Chancellor Green in *Marsh* v. *Marsh,* 1 *C. E. Green* 395, that "it is not necessary,

as in criminal cases, to state the day, but the month and year should be stated." This was no doubt founded upon the general practice familiar to the Chancellor above referred to. He mentions no authority, and evidently did not intend to lay it down as a strict rule of pleading in chancery, but states it as the proper mode in bills of equity. At law, both in civil and criminal proceedings, it is always necessary to state a day, month, and year. But it is never necessary to prove it, unless in certain cases, where the time is necessary to constitute the offence or fix the liability. Generally, the act may be proved at any time within the statute of limitations. In equity, where there are not technical rules as to the form of allegations as there are at law, I see no reason to make a rule that the allegation shall be as to a time certain, either as to day, month, or year, when it is not required to prove the fact at the time alleged. Such allegation would be mere form ; a fiction which would do no good and might mislead. I find no authority requiring such allegation of time, such as would authorize me to sustain a demurrer.

The only question is, whether the defence is sufficiently individuated. The name of the person is stated, also the street and city, of the house in which the offence was committed. This seems to me sufficient; it complies with the rule, so far as the object of it is concerned. If it had been alleged to have taken place on a specified day in August, 1870, an offence at any time within the two years might have been proved. If defendant had committed adultery a number of times within these two years with P. M. G., in Amity street, New York, it would not individuate the offence, but it would not if a day or month had been stated.

If this one offence is sufficiently specified, the demurrer, being general, must be overruled.